IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

EVERETT BRAKEMAN,

          Plaintiff,

v.                                 CIV 00-692 JP/KBM

KENNETH S. APFEL,
Commissioner of Social Security,

          Defendant.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

This matter is before the Court on Defendant's Motion to Dismiss Plaintiff's Complaint *(Doc. 7)*. The Court has reviewed the motion, the memoranda submitted by the parties and the relevant authorities. The Court finds that motion is not well taken and recommends that it be denied.

**A.  Procedural Background.**

The Court previously remanded this matter to the Commissioner for further proceedings. The Commissioner's Administrative Law Judge ("ALJ") again denied Plaintiff's claims for disability insurance benefits and supplemental security income on or about October 26, 1999. Plaintiff then requested review of this denial, apparently to the Appeals Council, on November 10, 1999. In cases such as this one which involve a decision following a court remand, the ALJ's determination becomes the "final decision" of the Commissioner on the 60th day after it is issued

1

if no exceptions are filed.  Therefore, a corrected notice of appeal rights went to Plaintiff and his representative November 30, 1999.  The corrected notice advised Plaintiff that he could file a civil action within 60 days following that final decision.

### B.  Discussion.

Plaintiff filed his complaint in the present case May 11, 2000.  Sections 205 (g) and (h) of the Social Security Act, 42 U.S.C. § 405(g) require that "a civil action be commenced within 60 days of the mailing to the claimant of the notice of [the Commissioner's final] decision. . . ."  The Commissioner has interpreted "mailing" as the date of receipt of the notice by the claimant.  Moreover, the date of the receipt of notice is presumed to be five days after the date of the notice, "unless there is a reasonable showing to the contrary."  20 C.F.R. §  422.210(c).

Defendant contends that in order for it to be timely, Plaintiff was required to file the complaint on or before April 3, 2000 (sixty-five days after date of the corrected notice of appeal rights).  On this basis, Defendant contends that this Court lacks jurisdiction to hear the action since it was not  filed  in a timely manner.

However, Plaintiff has submitted an affidavit of counsel's paralegal indicating that he never received the corrected notice, and therefore the statute of limitations should not bar this action.  *See, e.g., Matisbekker v. Heckler*, 738 F.2d 79 (2nd Cir. 1984) (claimant made reasonable showing that he did not receive the notice of decision within the statute's presumptive five-day receipt date and government offered no evidence to refute his assertion).  Indeed, it is not the actual mailing of the notice but the receipt of it that starts the running of the limitations period.  *Id.* at 81.

In the present case, Defendant has offered no proof for purposes of this motion, such as

evidence of receipt from certified mail, that Plaintiff actually received the notice.  In addition to the affidavit testimony, Plaintiff's attorney states as an officer of this court that he promptly filed this action when he examined the file and saw that he had not received the proper notices.  Accordingly, I find that Plaintiff has timely filed his complaint in this present action.

Finally, Defendant states in Footnote 1 of his Brief in Support that upon dismissal of this action, the Appeals Council will consider Plaintiff's request on the merits as timely filed.  While it may be a appropriate to do this in a situation where exhaustion of administrative remedies is necessary, Defendant has already conceded that judicial review would have been appropriate if Plaintiff's complaint had been timely filed.  Because I have found that the complaint was timely filed, I conclude that there is no need to dismiss or remand the matter for the Appeals Council to review it.

### C. Conclusion.

For the foregoing reasons, I recommend that Defendant's Motion to Dismiss Plaintiff's Complaint *(Doc. 7)* be denied.  A briefing schedule will issue after the District Judge rules on these proposed findings and recommendations.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 10 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the United States District Court pursuant to 28 U.S.C. § 636 (b)(1).  **A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

_____
UNITED STATES MAGISTRATE JUDGE

**Attorney for Plaintiff:**

Dorsett C. Bennett II
Roswell, NM

**Attorney for Defendant:**

Raymond Hamilton
Albuquerque, NM